```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CARMEN MENDEZ,

        Plaintiff,
                                           MEMORANDUM & ORDER
           -against-
                                              18-CV-05894
NYC DEPARTMENT OF EDUCATION,

        Defendant.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

      Plaintiff Carmen Mendez ("Plaintiff"), a former New York City schoolteacher, filed the *pro se* complaint initiating this action on October 18, 2018 against the NYC Department of Education ("Defendant" or "DOE"). (ECF No. 1, Compl.) By Order dated March 4, 2020, the court granted defendant's motion to dismiss, but granted plaintiff leave to replead only her timely claims within thirty (30) days. (ECF No. 19, Order Granting Motion to Dismiss.) On May 15, 2020, after receiving two extensions, plaintiff filed her amended complaint. (ECF No. 25, Amended Complaint ("Am. Compl.").) On June 30, 2020, defendant filed a motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 37-1, Notice of Motion; ECF No. 37-2, Defendant's Memorandum in Support.)[1] On July 16, 2020, plaintiff filed her opposition to

---

[1] Defendant provided the *pro se* plaintiff with the required notices pursuant to Local Rules 12.1 and Civil Rule 56.

defendant's motion to dismiss.  (ECF No. 32, Plaintiff's Response.)  On August 4, 2020, defendant filed its reply to plaintiff's response.  (ECF No. 37-4, Defendant's Reply.)  For the reasons set forth below, the amended complaint is dismissed.

This court's March 4, 2020 order dismissed all of plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983. (ECF No. 19, Order Granting Motion to Dismiss.)  This court granted plaintiff leave to file an amended complaint and ordered that if plaintiff were to file an amended complaint, "she must provide facts pertinent only to her timely claims regarding Hearing Officer Murphy's imposition of a two-year suspension, and, the possibly timely claim regarding the 'active problem code' for plaintiff's NYCAPS status.  Plaintiff cannot rely on generalized allegations of constitutional violations."  (*Id*. at 24.)

Plaintiff's amended complaint re-asserts her same § 1983 claims under the Eighth Amendment, the Sixth Amendment, the Fifth Amendment, and the First Amendment, all of which were dismissed by this Court's March 4, 2020 Order.  This Court's March 4, 2020 Order dismissed those claims because plaintiff's claims were time-barred pursuant to Section 1983's three-year statute of limitations.  (ECF No. 19, Order Granting Motion to Dismiss.)  Though the Court could not determine if plaintiff's Eighth Amendment Claim was time-barred, plaintiff's claim under

2

the Eighth Amendment's Cruel and Unusual Punishment Clause was dismissed because plaintiff did not allege that she was subject to a criminal conviction, and her claim under the Excessive Fines Clause was dismissed because she failed to plausibly allege that she was fined.  (*Id.*)  Plaintiff's claim that her Sixth Amendment rights were violated also failed because the First and Second Adjudications were not criminal prosecutions.  (*Id.*)  In addition, plaintiff's First Amendment claim was time-barred, and her Fifth Amendment claim under the Double Jeopardy Clause was dismissed because plaintiff's disciplinary trial was not a criminal proceeding.  (*Id.*)  The relevant analysis as to the dismissal of these claims is set forth in this court's March 4, 2020 Memorandum and Order, which is incorporated by reference herein.  (*See* ECF No. 19, Order Granting Motion to Dismiss.)  As such, this court will only address plaintiff's Eighth Amendment claims arising from Hearing Officer Murphy's October 26, 2015 decision and the "derogatory message" placed on defendant's NYCAPS profile page in this Memorandum and Order.

"Section 1983 does not provide a specific statute of limitations.  Thus, courts apply the statute of limitations for personal injury actions under state law." *Hogan* v. *Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens* v. *Okure*, 488 U.S. 235, 249-51 (1989)); *Pearl* v. *City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)).  In New York, personal injury actions are

3

subject to a three-year statute of limitations.  NY CPLR § 214(5); see *Pearl*, 296 F.3d at 79.  The limitations period begins to run when: (1) the plaintiff knows or has reason to know of the injuries caused by an individual defendant, *see Singleton* v. *City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981); or (2) the plaintiff knows or has reason to know that a municipal defendant has an unconstitutional "policy or custom," *see Pinaud* v. *County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995).  "Granting a motion to dismiss on the basis of a lapsed limitations period is proper when it is clear on the face of the complaint that a claim is untimely."  *Wallace Wood Properties, LLC v. Wood*, 669 F. App'x 33, 34 (2d Cir. 2016), *as amended* (Nov. 17, 2016).

For purposes of this motion, facts in plaintiff's amended complaint are accepted as true.  In her amended complaint, plaintiff states that "in 2010, when [she] was fired for the first time (exhibit 9), DOE placed a derogatory problem code in [her] records (exhibit 10) that keeps [her] unemployable."  (Am. Compl. at 3.)  Plaintiff knew of the defendant's decision and placement of a problem code on her record and concedes that the problem code was placed in her records in 2010.  The three-year statute of limitations expired in 2013, and consequently her claim arising from the placement

4

of the problem code under the Eight Amendment is time-barred. (Am. Compl. at 3.)

Plaintiff further asserts that in 2015, when she applied for a job at a Charter School, one of the employees at the school told plaintiff to "fix the problem with DOE first," referring to the problem code on plaintiff's records. (Am. Compl. at 3.) Plaintiff cannot allege that her claim regarding the problem code is within the statute of limitations because plaintiff knew about the problem code in 2010 and failed to raise a timely claim. She also cannot allege equitable tolling on the basis that her claim arose in 2015, when she already experienced the impact of having the problem code on her record. *See Brevot v. New York City Dep't Of Educ.*, No. 04 CIV 7959 GEL, 2007 WL 690130, at *7 (S.D.N.Y. Mar. 6, 2007), aff'd, 299 F. App'x 19 (2d Cir. 2008) ("if every exposure of stigmatizing allegations to a "new audience" gave rise to a new cause of action, then a plaintiff would have a cognizable claim every time such exposure resulted in a new harm, no matter how long ago the information was actually publicized.")

As with her original complaint, the court discerns no basis for equitable tolling.[2] The doctrine of equitable tolling

---

[2] "The Supreme Court has instructed that in section 1983 actions, we borrow not only a state's limitations period but also its 'tolling rules . . . .'" *Pearl*, 296 F.3d at 80 (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980)). "New York courts have adopted the same equitable

5

can apply in the context of § 1983 claims, *see Covington v. N.Y.C. Police Dep't.*, 471 Fed. Appx. 28, 29 (2d Cir. 2012), but it is appropriate only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations and quotations omitted). A plaintiff arguing that equitable should apply "must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (citations omitted).

In her amended complaint, plaintiff states that she "tried to solve the problem since 2010." (Am. Compl. at 1.) She describes issues with her previous counsel and states that Judge Jaffe had a "conflict of interest" when she heard plaintiff's case in State Court. (*Id.*) She alleges that her case "is not time barred because as soon as the DOE fired me, I retained a lawyer to start a new suit . . . however, Mr. Robbins took the money and never submitted any work on my behalf." (Am. Compl. at 4.) Plaintiff has not pled any new facts to suggest that equitable tolling is warranted and has not amended her

---

tolling doctrine that exists under federal law." *Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 235 (E.D.N.Y. 2015) (citations omitted).

6

complaint to include any egregious acts by her attorneys that prevented a timely filing. *Baldayaque v. United States*, 338 F.3d 145, 152-153 (2d Cir. 2003). In this court's March 4, 2020 Order dismissing the action, the court explained why equitable tolling does not apply to plaintiff's claims. (ECF No. 19, Order Granting Motion to Dismiss.) These same reasons pertain to the amended complaint.

As to plaintiff's claims based on Hearing Officer Murphy's imposition of a two-year suspension, plaintiff re-asserts that she suffered an Eighth Amendment violation because "the DOE fined [her] with $145,000.00, which is the equivalent of two years of salary." (Am. Compl. at 2-3.) Plaintiff's amended complaint fails to correct the deficiencies of the original complaint as to this claim. As explained in this court's March 4th Order, "the court need not assess whether or not plaintiff's alleged fine was excessive because plaintiff fails to allege that she was subject to any fine in the first place." (ECF No. 19, Order Granting Motion to Dismiss at 19.) Therefore, plaintiff's claim as to an excessive fine must be dismissed because this court cannot construe a two-year job suspension as a "fine" under the Eighth Amendment.

## CONCLUSION

Plaintiff's claim as to the "active problem code" is time-barred and is therefore dismissed. Plaintiff's claim as to

7

the alleged excessive fine imposed is dismissed for the same reasons set forth in this Court's March 4th Memorandum and Order. (ECF No. 19, Order Granting Motion to Dismiss.)  Plaintiff's claims in the original complaint, which she repleaded in the amended complaint, are dismissed for the same reasons stated in the March 4, 2020 Order.  (*See* ECF No. 19, Order Granting Motion to Dismiss.)  For the foregoing reasons, Defendant's motion to dismiss Plaintiff's amended complaint is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Defendant, serve a copy of this Memorandum and Order and the judgment on Plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   February 24, 2021
         Brooklyn, New York

                                            /s/
                                    **Kiyo A. Matsumoto**
                                    United States District Judge